Ronnie **ROBINSON,** Petitioner—
Appellant,

v.

Gail **LEWIS,** Deputy Warden,
Respondent—Appellee.

No. 02–55165.
D.C. No. CV–01–04872–CBM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 25, 2003.

Before RYMER, KLEINFELD, and TROTT, Circuit Judges.

MEMORANDUM**

Ronnie Robinson, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for possession of cocaine base for sale and his three strikes sentence of 25 years to life imprisonment.

Robinson contends that his 25 years to life plus ten years sentence under California's three strikes law, Cal.Penal Code Ann. § 667 (West 1999), constitutes cruel and unusual punishment. This contention is foreclosed by the Supreme Court's decisions in *Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 155

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

(2003) (holding that a state court's decision to affirm petitioner's 25 years to life terms under the three strikes law was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25 years to life sentence under the California three strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).[1]

**AFFIRMED.**

---

**1.** Robinson's motion for bail pending appeal and his motion for appointment of counsel are both denied.

* John Ashcroft, Attorney General is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.